*Uddin v. Lynch*

BIA
Poczter, IJ
A201 293 609

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fifteen.

PRESENT:

ROBERT A. KATZMANN,
    *Chief Judge,*
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

JOSIM UDDIN,
    *Petitioner,*

v.                                                    14-763
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York,
                         New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Leslie McKay,

Assistant Director; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Josim Uddin, a native and citizen of Bangladesh, seeks review of a February 14, 2014 decision of the BIA affirming a June 21, 2012 decision of an Immigration Judge ("IJ") denying Uddin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Josim Uddin,* No. A201 293 609 (B.I.A. Feb. 14, 2014), *aff'g* No. A201 293 609 (Immig. Ct. N.Y.C. June 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Uddin's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ reasonably based her adverse credibility determination on Uddin's demeanor, and on inconsistencies in his testimony and evidence.

"[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). Accordingly, we grant "particular deference" in applying the substantial evidence standard to credibility findings based on demeanor. *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (internal quotation marks omitted). The IJ found that when Uddin realized an answer "was not satisfactory, he would ask for repetition of the

3

question, and then state that he did not understand," leading to the impression that he did not know what his documents said or what his claim was about, instead relying on the cues of those around him to give the "right" answers. *In re Josim Uddin,* A201 293 609, at 14 (Immig. Ct. N.Y.C. June 21, 2012).

The IJ's demeanor finding was further supported by specific examples of inconsistencies in the record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Uddin claimed that, as an active member of the Bangladesh National Party ("BNP"), he was attacked on three occasions by an opposition political party, and arrested and tortured in 2009 during a demonstration. Uddin was inconsistent regarding several aspects of his claim, including: the location of the hospital he went to after a 2010 attack; whether he retained a lawyer after he was arrested in 2009 and that lawyer's name; and under what section of Bangladesh law he was arrested. Uddin argues that the IJ erred because she did not put him on notice that she thought his testimony was problematic. However, "the relevant inconsistenc[ies] w[ere] plainly self-evident so that identification . . . was not needed to make [Uddin] cognizant of the defect." *Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.

4

2006); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

The IJ also based her adverse credibility determination on Uddin's lack of knowledge about politics and government in Bangladesh. Although he portrayed himself as actively involved in a political campaign in 2008, he testified that that there were 64 open seats in Parliament in 2008; his party, the BNP, won 25 of those seats; and the Awami League won about 40 seats. However, the U.S. State Department's 2010 Human Rights Report on Bangladesh (the "Report") stated that there were 300 open seats and the Awami League won 230. (The Report does not state how many seats the BNP won.)

Uddin does not dispute that his testimony regarding the makeup of Bangladesh's parliament was inaccurate but argues that the IJ mischaracterized the level of his political involvement and thus had an unrealistic expectation regarding his political knowledge. Uddin now contends that he was a "lower-level" "foot soldier" for the BNP, active in a remote, rural area of the country. Pet'r's Br. at 17-18. However, in his asylum application, Uddin wrote that he became a member of the local BNP affiliate in 2005, and was promoted to Publicity Secretary in 2008. As Publicity Secretary, he publicized

5

meetings, distributed leaflets, convinced young people to join, and campaigned in support of party candidates in local and national elections. He testified that he publicized and distributed party pamphlets and papers. There are "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding." *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). This was one such instance. The IJ reasonably relied on Uddin's portrayal of himself as an active member of the BNP to conclude that his lack of knowledge about Bangladesh government impugned his credibility.

Because the REAL ID Act permits the agency to base a credibility finding on inconsistencies in an applicant's statements regardless of whether they go to the heart of his claim, a totality of the circumstances supports the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Uddin's life or freedom depended upon his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for

asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

7